IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALEXANDER GLASGOW, | ) |
| Plaintiff, | ) Case No. 3:23cv1702 |
| | ) Judge Knepp |
| -v- | ) |
| GENERAL ELECTRIC COMPANY | ) |
| GE RENEWABLE ENERGY | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant General Electric Company, on behalf of both itself, including its subsidiary General Electric International, Inc, and Defendant GE Renewable Energy, which is not a separate legal entity but is a business unit of Defendant General Electric Company ("Defendant"), by and through counsel, hereby files its Answer to the Complaint filed by Plaintiff Alexander R. Glasgow ("Plaintiff") and states as follows:

**PARTIES INVOLVED**

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**INITIAL COMPLAINT ALLEGES**

3. Defendant admits Plaintiff is alleging discrimination and retaliation, but denies it engaged in any discriminatory or retaliatory actions against Plaintiff. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Defendant admits Plaintiff is making allegations of unlawful conduct against it, but denies that it engaged in any unlawful conduct. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the amount in controversy exceeds $75,000 but denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without information sufficient to form a belief regarding the accuracy of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the allegations.

7. Defendant admits Plaintiff filed a charge of discrimination with the EEOC regarding Defendant's alleged conduct with regard to jobs in both New Mexico and Ohio. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits it has locations throughout the United States. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant is unable to respond to the allegations contained in Paragraph 9 of the Complaint because there is no context to the allegations and, therefore, denies the allegations.

## COMPLAINT AND PERTINENT INFORMATION

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendant admits Ben Mondaca sent Plaintiff a text on December 1, 2021 stating that "HR still open to work with us on your case." Defendant admits Plaintiff later sent an email to Defendant regarding the vaccine mandate issue. The email speaks for itself. Defendant admits it notified Plaintiff on December 10, 2021 that it was rescinding his offer of employment. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits Plaintiff passed the TKA 1 and TKA 2. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Defendant admits Plaintiff was offered the position of Wind Technician - Western Spirit on

October 11, 2021. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendant admits it complied with the Executive Order that required it to mandate COVID-19 vaccination for employees. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint call for a legal conclusion and do not include any factual allegations to which a response is required. To the extent the allegations are deemed factual statements, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without information sufficient to form a belief regarding the accuracy of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the allegations.

16. In response to the allegations contained in Paragraph 16 of the Complaint, Defendant admits it gave notice that it was required to comply with the Executive Order that required it mandate COVID-19 vaccination for employment. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. In response to allegations contained in Paragraph 17 of the Complaint, Defendant admits that on November 17, 2021, Plaintiff sought an exemption to the vaccine mandate. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. In response to the allegations contained in Paragraph 20 of the Complaint,

Defendant admits Plaintiff submitted a third request for exemption from the vaccine mandate and that the request was denied. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. In response to the allegations contained in Paragraph 21 of the Complaint, Defendant admits Plaintiff inquired regarding why his accommodation requests had been rejected. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. In response to the allegations contained in Paragraph 22 of the Complaint, Defendant admits the original deadline for submission of a request for an exemption from the vaccine mandate was November 16, 2021. Defendant admits Plaintiff was permitted to submit exemption requests beyond November 16, 2021. Defendant admits Plaintiff was notified after his religious exemption request was denied that he could submit a request for a medical exemption. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant is unable to respond to the allegations contained in Paragraph 25 of the Complaint because there is no context to the allegations and, therefore, denies the allegations.

26. Defendant is without information sufficient to form a belief regarding the accuracy of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies those allegations.

27. In response to the allegations contained in Paragraph 27 of the Complaint, Defendant admits Plaintiff corresponded with Defendant about the medical costs associated with

him seeking a medical exemption from the vaccine mandate. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. In response to the allegations contained in Paragraph 28 of the Complaint, Defendant admits Ben Mondaca texted Plaintiff asking him when he could receive the hematology results and noting that HR was still willing to work with them on Plaintiff's case. Defendant admits Plaintiff later sent an email to Defendant regarding this issue. The email speaks for itself. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. In response to the allegations contained in Paragraph 30 of the Complaint, Defendant admits it notified Plaintiff on December 10, 2021 that it was rescinding his offer of employment. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. In response to the allegations contained in Paragraph 31 of the Complaint, Defendant admits that Plaintiff complained about the denial of his request for a religious exemption to the vaccine mandate. Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. In response to the allegations contained in Paragraph 33 of the Complaint, Defendant admits Plaintiff interviewed with Jordon Bott and Daniel Conley for a position in Haviland, Ohio and that Plaintiff stated during this interview that he had passed the TKA 1 and TKA 2 for Western Spirit but was no longer pursuing the job. Defendant further admits that in its position statement to the EEOC, Defendant explained that Plaintiff was disingenuous about

the circumstances of him not pursuing the job at Western Spirit. Defendant admits it made a verbal offer to Plaintiff for the position in Haviland, Ohio. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. In response to Plaintiff's Prayers for Relief, Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

37. The Complaint fails to state a claim upon which relief can be granted.

38. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

39. All of the actions taken by Defendant were based on legitimate, non-discriminatory and non-retaliatory reasons.

40. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely or properly exercise and/or exhaust administrative remedies and/or satisfy any pre-requisites to suit.

41. Plaintiff's claims fail to the extent they were not included in a timely-filed charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or they related to actions that occurred more than 300 days prior to Plaintiff filing a charge of discrimination with the EEOC.

42. Plaintiff's claims are barred, in whole or in part, because the actions or inactions of Defendant were not a proximate cause of any harm allegedly suffered by Plaintiff.

43. Any damages suffered by Plaintiff were caused in whole or in part as a result of

Plaintiff's own actions, negligence, or omissions, or events for which Defendants are not legally responsible.

44. Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages, as required by law.

45. Plaintiff's claims fail to the extent they are barred by the doctrines of waiver, laches, release, unclean hands, and/or estoppel, including judicial estoppel.

46. Punitive, treble, or liquidated damages are not available as Defendants made good faith efforts to comply with the law.

47. Defendant reserves the right to amend this Answer to assert any additional affirmative defenses.

WHEREFORE, having answered, Defendant requests Plaintiff take nothing by reason of the Complaint and additionally requests such other and further relief as deemed just and proper.

    Respectfully Submitted,

*/s/ Kasey L. Bond*
Kasey L. Bond (0078508)
Keating Muething & Klekamp, PLL
One E. Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6400
kbond@kmklaw.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 13th day of October, 2023, a copy of the foregoing Answer was filed via the Court's electronic filing system and has been served upon Plaintiff via email:

AlexGlasgow14@gmail.com

*/s/ Kasey L. Bond*
Kasey L. Bond

12985599.1