> ***PLEASE READ CAREFULLY.***
> ***Lead counsel is personally responsible***
> ***for complying with this Order.***

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| ALEXANDER R. GLASGOW, | CASE NO. 3:23CV1702 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| GENERAL ELECTRIC COMPANY/ GE RENEWABLE ENERGY, | **ORDER SETTING SETTLEMENT CONFERENCE** |
| Defendant. | |

I will hold a settlement conference in this matter case on **April 25, 2024** at **10:00 a.m.** at the James L. Ashley and Thomas W.L. Ashley United States Courthouse, 1716 Spielbusch Avenue, Room 403, Toledo, Ohio. All parties and their lead counsel are **ORDERED TO APPEAR** at that time. Lead counsel for each party must carefully review the requirements of this Order to ensure compliance.

As detailed below, each party must submit a confidential settlement statement before the scheduled settlement conference. **In addition to the requirements detailed in this Order, the *first paragraph* of each party's settlement statement MUST contain the following:**

- (i) **a certification that lead counsel for that party has personally reviewed the requirements of this Order, including having provided a copy to the party or party representative and discussed the contents of this Order with that person;**

- (ii) **identify the party or party representative(s) who will be attending the settlement conference; and**

- (iii) **a certification that the attending representative has ultimate settlement authority.**

Potential consequences for failing to comply with this Order are detailed below.

1

# SETTLEMENT CONFERENCE REQUIREMENTS

A.  **ATTENDANCE OF ALL PARTIES IS REQUIRED**

**Unless otherwise specifically ordered, persons with ultimate settlement authority must personally participate in the settlement conference. "Ultimate settlement authority" means the unconditional authority to enter into a binding settlement agreement without necessity of contacting anyone else for approval.** All named individual parties and the authorized representatives of all named corporate, governmental, or other parties must attend the settlement conference, together with lead counsel for each party.

When the settlement decision will be made in whole or in part by an insurance company, the insurance company must send a representative in person with full and complete authority to bind the company up to the value of the opposing party's claim counterclaim. A governmental entity must send a representative authorized to act on its behalf, and to bind the governmental entity up to the value of the opposing party's claim or counterclaim, understanding that some settlement decisions may be subject to further approval by an elected municipal board. A corporate entity must send a representative with full and complete authority to bind the entity up to the value of the opposing party's claim or counterclaim. If a committee, board, or similar body determines a party's authority, counsel must include that information in the confidential settlement statement.

**If a party fails to produce a person with ultimate settlement authority, and such failure negatively impacts the effectiveness of the settlement conference, then in my discretion, I may order an award of costs and attorney fees incurred by the other part(ies) in connection with the conference and/or other sanctions against the noncomplying party and/or its counsel.** I may also require the parties to return for a rescheduled conference with the appropriate person(s) present.

B.  **PRE-SETTLEMENT CONFERENCE REQUIREMENTS**

1.  **Pre-settlement conference demand and response**

A settlement conference is more productive if the parties have already exchanged written settlement proposals. Accordingly, no later than **twenty-eight** days prior to the settlement conference, each counsel for a party seeking affirmative relief ("claimant's counsel") must submit a **written** itemization of damages and settlement demand to opposing counsel, along with a brief explanation of why such a demand is appropriate. No later than **twenty-one** days prior to the

2

settlement conference, opposing counsel must submit a **written** response to claimant's counsel, along with a brief explanation of why such an offer in response is appropriate. Do not file copies of these papers with the Clerk of Court.

On occasion, this process may result in a settlement, in which case counsel should promptly notify the Courtroom Deputy so the settlement conference may be cancelled timely. If settlement is not achieved, counsel must include a copy of the pre-settlement demand or response as an exhibit to the confidential settlement statement.

**2. Confidential settlement statement**

**Each party must submit a confidential settlement statement to me no later than fourteen days prior to the settlement conference.** The confidential settlement statements are for my exclusive use in preparing for the settlement conference and will not be made a part of the case file. The settlement statement must:

a. Comply with the requirements set forth in the emphasized paragraph preceding Section I of this Order;

b. Recite the key facts pertinent to the dispute;

c. List all claims and defenses that remain pending;

d. Outline the applicable law, and how it applies to the facts of the case;

e. Discuss the strengths and weaknesses of the claims and defenses that remain pending; and

f. Recap any settlement negotiations between the parties.

If not already available from the docket, copies of any exhibits essential to understanding a party's settlement position and/or evaluation of the case may be attached to the settlement statement. Absent leave of court, the settlement statement may not exceed five single-spaced pages (using 12-point font size and 1" margins throughout) and must contain enough information to be useful to analyzing the factual and legal issues in the case. The parties are encouraged to be candid and frank in their confidential settlement statements.

**Do not file the settlement statement with the Clerk of Court.** Instead, submit it by email to Clay_Chambers@ohnd.uscourts.gov. Unless all parties agree, the confidential settlement

statements are not to be exchanged with other parties. (If the parties have agreed to exchange their settlement statements, this should be noted in the settlement statement.)

If the settlement statement provides more than twenty-five pages of exhibits, then no later than seven days before the settlement statement is due, counsel must file a motion seeking leave and demonstrating good cause. If leave is granted, then in addition to e-mailing the statement, counsel must forward two hard copies of the settlement statement and exhibits to Chambers at least ten days before the settlement conference, to allow additional time to review the materials in advance of the settlement conference. The exhibits must be properly labelled, indexed, and secured together.

C. SETTLEMENT CONFERENCE

    1. **Settlement conference format**

A settlement conference usually begins with a general session with all parties and counsel, followed by private caucusing. Typically, opening statements in the general session are not required. Also, in some cases, I may initiate contact with counsel to begin discussions in advance of the settlement conference date.

All counsel, parties, and party representatives must be fully prepared to participate throughout the settlement conference. It is critical that all participants keep an open mind, remain actively engaged throughout the conference, reassess their positions continually, and consider creative methods for resolving the dispute.

    2. **Statements inadmissible**

Statements made by any party during the settlement conference may not be used in discovery and will be inadmissible at trial. *See* Ohio. Rev. Code § 2710.03. Parties are encouraged to be frank and open in their discussions. At all times, counsel, parties, and party representatives must treat each other with courtesy and respect.

    3. **Potential issues to be discussed at settlement conference**

At the settlement conference, parties should be prepared to discuss the following potential issues:

    a. What are your objectives in the litigation?

    b. What issues (inside and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

    c.    Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

    d.    What are the points of agreement and disagreement between the parties? Factual? Legal?

    e.    What are the impediments to settlement?

    f.    What remedies are available through litigation or otherwise?

    g.    Are there possibilities for a creative resolution of the dispute?

    h.    Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

    i.    Are there outstanding liens? Should a representative of the lienholder participate in the settlement conference?

    j.    What legal costs or case expenses will you incur to take the case through trial?

    k.    What is the likelihood for an appeal in the event of an unfavorable outcome at trial? What additional time delay and expense will result from an appeal?

**C.**     **INVOLVEMENT OF CLIENTS**

For many clients, this case may be the first time they have participated in litigation or in a court-supervised settlement conference. Therefore, as noted above, prior to the settlement conference, lead counsel must provide the client with a copy of, and discuss with them the matters set forth in, this Order.

**D.**     **REQUESTS TO RESCHEDULE CONFERENCE OR EXCUSE ATTENDANCE**

Any request to reschedule settlement proceedings or excuse the in-person attendance of a named party or representative with ultimate settlement authority must be set forth in a written motion filed no less than fourteen days prior to the scheduled proceeding unless extraordinary circumstances prevent such timely filing. In such case, the extraordinary circumstances must be outlined in an affidavit or declaration from the party or representative accompanying the motion.

Revised 11.22.2023

If there is a request to reschedule the settlement conference, the moving party (or parties, if it is a joint motion) must confer with all other counsel and propose no fewer than three alternative dates that are agreeable to all participants. Any request not complying with the above provisions will be denied. Telephone calls or emails requesting that settlement proceedings be rescheduled or that named parties/party representatives be excused will **not** be entertained.

      **IT IS SO ORDERED.**

Dated: January 8, 2024

                                                             DARRELL A. CLAY
                                                             UNITED STATES MAGISTRATE JUDGE

Revised 11.22.2023