IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER R. GLASGOW,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY/<br>GE RENEWABLE ENERGY,<br><br>Defendant. | CASE NO. 3:23-CV-1702-JRK<br><br>JUDGE JAMES R. KNEPP II<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION** |

### BACKGROUND FACTS

Plaintiff Alexander Glasgow, representing himself, brought this action against Defendant General Electric Company/GE Renewable Energy, alleging "discriminatory and retaliatory actions" resulting in his termination as an employee. (ECF #1 at PageID 1). On November 14, 2023, Judge James R. Knepp II referred the matter to me to conduct a settlement conference. (ECF #14). On January 8, 2024, I issued an Order Setting Settlement Conference to be held on April 25, 2024. (ECF #15).

Acting on a January 22, 2024 e-mail from defense counsel concerning lack of responses from Mr. Glasgow to Defendant's discovery requests (copy attached), I held a video status conference on March 29, 2024. In my subsequent minutes, I recounted:

> Plaintiff Alexander Glasgow appeared pro se. Defendant General Electric Company/GE Renewable Energy appeared by attorney Kasey Bond. I convened this conference at the request [of] defense counsel because Mr. Glasgow has not provided his initial disclosures or responded to any discovery that Defendant has sent him. Mr. Glasgow indicated he had not received any of the discovery requests, due to travels away from home such that he did not receive items sent to him by regular mail and difficulties with his e-mail access meant he had not received items sent that way. I reminded Mr. Glasgow of his continuing obligations to engage in the discovery

1

> process. Mr. Glasgow also indicated he was attempting to retain counsel to represent him in this matter moving forward. In light of the lack of information exchange that has occurred thus far, the settlement conference scheduled for April 25, 2024 is hereby VACATED and will be reset at a later date. No later than April 30, 2024, Mr. Glasgow must either confirm that he intends to continue representing himself or his counsel must file a Notice of Appearance. I will hold another video status conference with Mr. Glasgow or his counsel and defense counsel on May 2, 2024 at 10:00 a.m. Instructions for accessing the conference will be provided to the participants in advance. I recommend that Judge Knepp hold all case management deadlines in abeyance. The Clerk of Court is directed to mail a copy of this entry to Mr. Glasgow at 205 Palmer Lane, Bryan, OH 43506; further, I will provide a copy to him by text message on this occasion only.

(Non-document entry of March 29, 2024). On April 3, 2024, Judge Knepp referred this matter to me "for general pretrial supervision, resolution of all discovery issues and non-dispositive motions." (Non-document entry of April 3, 2024).

Mr. Glasgow did not communicate by the April 30, 2024 deadline whether he would continue to represent himself or would be represented by counsel. Also, no counsel filed a Notice of Appearance on his behalf by that deadline.

On May 2, 2024, I conducted another status conference by video. My subsequent minutes noted:

> Defendant General Electric Company/GE Renewable Energy appeared by its attorney Kasey Bond. Plaintiff Alexander Glasgow did not appear. I previously confirmed that Mr. Glasgow received the information necessary to access today's video conference. In addition to not appearing, he did not contact the Court to request a continuance. I also note that he did not comply with my prior order that, by April 30, 2024, he was to confirm his intention to continue representing himself pro se or his retained counsel was to file a Notice of Appearance. No Notice of Appearance from counsel was filed, so I assume Mr. Glasgow plans to continue representing himself. I will hold an additional video status conference on Friday, May 17, 2024 at 9:30 a.m. Instructions for accessing the conference will be provided to the participants in advance. Mr. Glasgow is specifically cautioned that his failure to appear for the status conference will result in a recommendation to Judge Knepp that this matter be dismissed pursuant to Fed. R. Civ. P. 41 for want of prosecution. The Clerk of Court is directed to serve this order on Mr. Glasgow by regular mail to his street address on file; by certified mail, return receipt requested, to his street address on file; and by electronic mail to alexglasgow14@gmail.com (the e-mail address he used when he requested electronic filing privileges).

(Non-document entry of May 2, 2024) (emphasis in original). The docket confirms the Clerk of Court sent a copy of the "Minute Order of Video Status Conference and instructions for accessing the next Video Status Conference on 5/17/2024 . . . by regular mail and certified mail to Alexander R. Glasgow 205 Palmer Ln Bryan, OH 43506 and email to alexglasgow14@gmail.com on 5/2/2024." (Non-document entry of May 2, 2024).

At 9:30 a.m. on May 17, 2024, I convened another status conference by video. Defense counsel appeared, but Mr. Glasgow did not. I waited approximately ten minutes for him to appear. On questioning from me, defense counsel confirmed that Mr. Glasgow still had not provided his initial disclosures, had not responded to Defendant's written discovery requests, and had not communicated with her in any way since the March 29, 2024 video status conference. (Non-document entry of May 17, 2024).

## DISCUSSION

If a plaintiff fails to prosecute an action, a court may dismiss it pursuant to the court's inherent power to control its docket or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (collecting cases); *see also Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 902 F.2d 1568, at *3 (6th Cir. 1990) (table) ("In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962), the Supreme Court concluded that district courts retain an 'inherent power' to dismiss actions or claims sua sponte for lack of prosecution under Rule 41(b)."). The authority to dismiss a plaintiff's case for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit has established four factors to guide when to dismiss a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

3

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

*Willfulness, Bad Faith, or Fault.* As to the first factor, "[f]or a party's failure to cooperate in discovery to be motivated by willfulness, bad faith, or fault, it must be done with 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Here, despite being afforded substantial amounts of time in which to provide initial disclosures, respond to discovery requests, and otherwise engage with defense counsel or the Court, Mr. Glasgow has done nothing. Initial disclosures were due January 8, 2024. (ECF #14). Defense counsel indicated that responses to its written discovery requests were also due the same day and were not provided. Mr. Glasgow has failed to appear for the last two video status conferences I conducted. Considering all of this, I conclude Mr. Glasgow has evinced at a minimum a reckless disregard for the effect of his conduct on the Court's proceedings and thus has acted with willfulness, bad faith, or fault. *See Clay v. PNC Bank, Nat'l Ass'n*, No. 2:22-CV-2253, 2022 WL 16926027, at *2 (S.D. Ohio Nov. 14, 2022), *report and recommendation adopted*, 2023 WL 2919148 (S.D. Ohio Apr. 12, 2023). Thus, the first factor weighs in favor of dismissal.

*Prejudice to the Adverse Party.* For the second factor, following the filing of Mr. Glasgow's Complaint, Defendant General Electric Company/GE Renewable Energy was required to investigate the allegations of the Complaint, prepare an Answer (ECF #10), provide its initial disclosures (ECF #13), prepare for and participate in a Case Management Conference with Judge Knepp (ECF #14), propound written discovery requests to Mr. Glasgow, seek Court intervention due to the lack of initial disclosures and discovery responses, and prepare for and appear at three status conferences with me. Mr. Glasgow, meanwhile, has not engaged with either defense counsel or the Court for nearly two months. I conclude Mr. Glasgow's failure to pursue his case with diligence results in prejudice to Defendant. *See Schafer*, 529 F.3d at 737 ("[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'") (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). As such, "[t]he second factor unambiguously

4

supports dismissal." *McAllister v. Maier*, No. 5:18-CV-1423, 2019 WL 3574620, at *5 (N.D. Ohio, Aug. 6, 2019).

*Warning Regarding Potential Dismissal.* With respect to the third factor, the minutes of my May 2, 2024 status conference specifically cautioned Mr. Glasgow about the consequence of not appearing for the May 17, 2024 status conference: dismissal for failure to prosecute. (Non-document entry of May 2, 2024). Mr. Glasgow's *pro se* status does not excuse his non-compliance with court orders. Although *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *pro se* litigants are not entitled to leniency regarding adherence to readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (noting that *pro se* plaintiff's "action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily-comprehended court deadlines of which he was well-aware"). Thus, I conclude the third factor also weighs in favor of dismissal.

*Imposition or Consideration of Less Drastic Sanctions.* Finally, in relation to the fourth factor, participation in discovery and engagement with the Court is necessary to adjudicate this action. Particularly troubling is Mr. Glasgow's failure to appear for successive status conferences and failure to engage with defense counsel after being explicitly reminded of his "continuing obligations to engage in the discovery process." (*See* non-document entry of March 29, 2024). Further, Mr. Glasgow has not contacted the Court to request rescheduling or any other accommodation. His conduct supports no other conclusion than that he has abandoned his case. *See Greene v. Sposato*, No. 16CV1243(JMA)(ARL), 2019 WL 1559421, at *2 (E.D.N.Y. Apr. 9, 2019) ("Because plaintiff has not otherwise communicated with the Court for over five months, it appears that plaintiff has abandoned this case . . . ."). As a result, no sanction less than dismissal without prejudice would be appropriate. Accordingly, the fourth factor weighs in favor of dismissal without prejudice.

* * *

After considering the factors set forth in *Knoll*, Mr. Glasgow's *pro se* status, and the record as discussed above, I conclude dismissal without prejudice (as a less drastic sanction than dismissal with prejudice) is warranted, necessary, and appropriate.

5

CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I recommend the District Court **DISMISS** Mr. Glasgow's Complaint without prejudice for failure to prosecute. **The Clerk of Court is directed to serve a copy of this Report and Recommendation order on Mr. Glasgow by regular mail to his street address on file; by certified mail, return receipt requested, to his street address on file; and by electronic mail to alexglasgow14@gmail.com (the e-mail address he used when he requested electronic filing privileges).**

Dated: May 20, 2024

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS, REVIEW, AND APPEAL

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

